IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| UNITED STATE OF AMERICA § <br> § <br> *Plaintiff* § <br> § <br> vs. § <br> § <br> 49.71 ACRES OF LAND, MORE OR LESS, § <br> SITUATED IN WEBB COUNTY, § <br> STATE OF TEXAS; AND EMERALD § <br> RIVERVIEW DEVELOPMENT, LTD. § <br> § <br> *Defendants.* § | CASE NO. 5:21-CV-007 <br> JURY TRIAL DEMANDED |

## DEFENDANT'S MOTION TO DISMISS AND, SUBJECT THERETO, MOTION FOR STAY, ORIGINAL ANSWER, OBJECTIONS AND DEFENSES

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES 49.71 Acres of Land, More or Less, situated in Webb County, State of Texas; and Emerald Riverview Development, Ltd. ("Defendant"), and file its Original Answer to Plaintiff's Complaint in Condemnation ("Complaint"), Motion for Stay, and Motion to Dismiss, and in support thereof would respectfully show the Court the following:

### DEFENDANT'S INTEREST IN THE PROPERTY:

Emerald Riverview Development, Ltd. is the 100% fee simple interest owner in the surface of a 1319.40-acre tract, out of Abstract 53, Porcion 15, including the acreage also known as residual tract created by natural river flow forces and presently existing between said Share 1 and the Rio Grande Riverbank water edge, recorded in Volume 492, Page 745, Deed Records of Webb County Texas. The United States has brought this Complaint in Condemnation representing that it seeks an easement burdening a 49.71-acre parcel out of said 1319.40 acre tract (the "Property").

1

## I.    Defendant's Motion to Dismiss

**A. The Plaintiff's Declaration of Taking Fails to include a proper description of the property to be condemned.**

1.    Pursuant to 40 U.S.C.A. § 3114, the Plaintiff is required to provide a description of the land taken that is sufficient to identify the land in its filing of a Declaration of Taking. 40 U.S.C.A. § 3114. The Plaintiff has failed to include such a sufficient land description. In its Declaration, the Plaintiff has merely stated that it takes an easement over 49.71 acres out of the 1319.40-acre tract owned by Emerald Riverview Development, Ltd. without specifying the location of the 49.71 acres it seeks to condemn with reasonable or legal particularity. The Plaintiff has therefore failed to meet the requirements for a Declaration of Taking pursuant to 40 U.S.C.A. § 3114, and the claim should therefore be dismissed. 40 U.S.C.A. § 3114(a)(2).

**B. Any claim for a taking for the purpose of building "fencing" or "vehicle barriers" is now moot.**

2.    On January 12, 2021, the United States of America at the request of the Secretary of the Department of Homeland Security ("Plaintiff") had filed a Complaint in Condemnation against Defendant, through which it seeks to accomplish a taking of the Property under the power of eminent domain through a Declaration of Taking. The interest sought is described as a 12-month easement consisting of the right of the United States, its agents, contractors, and assigns to enter in, on, over and across the land described in Schedule C to survey, make borings, and conduct other investigatory work for the purposes described in Schedule B and to access adjacent lands.

3.    On January 20, 2021, President Joseph R. Biden executed a Presidential Proclamation on "Termination of Emergency With Respect To The Southern Border Of The United States and Redirection Of Funds Diverted To Border Wall Construction." Proclamation No. 10141, 86 Fed. Reg. 7225 (Jan. 27, 2021).

4. Amongst other orders, the Proclamation requires a "pause in construction and obligation of funds", an "assessment of the legality of the funding and contracting methods used to construct the wall" and calls for a "plan for redirecting funding and repurposing contracts." *Id* §§ 1 and 2.

5. The language of the proclamation renders the Plaintiff's request for relief in the form of a taking moot as it applies to investigations for "fencing" and "vehicle barriers" or any other work that would fall within the mandated pause prescribed by the Proclamation. As such, the claim for said relief is not one on which relief can be granted and should be dismissed. FED. R. CIV. P. 12(b)(6).

### C. Plaintiff has failed to rely on valid authority for the taking.

6. Plaintiff has failed to properly bring its claim for condemnation pursuant to 8 U.S.C. §1103(b), which states that the Attorney General may contract for or buy any interest in land "essential to control and guard the boundaries and borders of the United States against any violation of this chapter." FED. R. CIV. P. 12(b)(6). The Plaintiff failed to show that the Property has been identified, designated or classified as "essential" to control and guard against any violations as required by the statute. The Plaintiff has further failed to make a case for the Property being essential to guard the boundaries of the United States as required, or to identify the specific violations against which it guards. The Plaintiff admits that its purpose is not to utilize the property for such control or guarding, but to investigate its ability to do so. This negates any possibility that the land is "essential", and therefore the Plaintiff has failed to identify a proper authority for the taking pursuant to Section 1103 and cannot recover on its claim. Defendant therefore moves to dismiss pursuant to 12(b)(6) because the Plaintiff has failed to state a claim upon which relief can be granted.

**D. Plaintiff has failed to identify proper funds to be utilized for the taking.**

7.     The Defendant further objects that the Plaintiff has not properly laid out proper funds to be utilized under the authority for the Taking set out in Schedule A. According to Schedule A, Authority for the Taking, the Plaintiff is taking funds for the condemnation of the land in accordance with the Act of Congress approved March 23, 2018, as Public Law 115-141, div. F, tit. II,132 Stat. 348. However, this Act of Congress only approved funds for the procurement, construction, and improvements by U.S. Immigration and Customs Enforcement through September 30, 2020. As such, Plaintiff's claim should be dismissed pursuant to 12(b)(6). As such, Plaintiff is prohibited from using funds allocated by Congress through Public Law 115-141 on March 23, 2018 for the procurement of the interest in the Property and therefore its claim should be dismissed pursuant to 12(b)(6) as the funds have not been shown to be properly earmarked by any authority cited by the Plaintiff for its complaint in condemnation.

**E. The Plaintiff failed to follow requisite statutory procedure by negotiating in good faith, and therefore lacks the authority to begin condemnation proceedings.**

8.     Pursuant to 8 U.S.C. §1103(b), the authority to acquisition is vested once the "Attorney General and the lawful owner…are unable to agree upon a reasonable price". In this case, the Plaintiff failed to negotiate in good faith or make a bona fide offer, and therefore did not meet the conditions precedent necessary to acquire authority to begin these proceedings. The Courts have held that the "language of 8 U.S.C. § 1103(b)(3) clearly contemplates that some attempt has been made to reach an agreement prior to the Attorney General exercising the authority to pursue eminent domain remedies" and "the attempt to reach an agreement is not discretionary, but rather it is an action that must precede an acquisition by the Government." *See United States v. 1.04 Acres of Land, More or Less, Situate in Cameron Cty., Tex.,* 538 F. Supp. 2d 995, 1009–10 (S.D. Tex. 2008).

9. The Plaintiff has furthermore failed to consider in the $100.00 sum it estimates as just compensation the practical and monetary impacts that the easement would have on the Property. The Plaintiff's failure to meet these standards therefore bars any attempt to begin these condemnation proceedings, meaning the Plaintiff cannot be granted relief under its claim, which should be dismissed pursuant to 12(b)(6).

10. In taking these actions, the Plaintiff further violated Chapter 61 of the Uniform Relocation Assistance and Real Property Acquisitions Policies for Federal and Federally Assisted Programs, Section 4651, the Uniform Policy on Real Property Acquisitions Practice, which prohibits any federal agency from advancing the "time of condemnation, or defer negotiations or condemnation and the deposit of funds in court for the use of the owner, or take any other action coercive in nature, in order to compel an agreement on the price to be paid for the property." 42 U.S.C.A. § 4651. For these reasons, the Plaintiff cannot be granted the relief it has requested.

## II.   REQUEST TO STAY THIS CONDEMNATION PROCEEDING

11. The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants. *United States v. 6.83 Acres of Land, More or Less, Situated in Par. of St. Bernard*, No. CIV.A. 08-999, 2013 WL 1403088, at *3 (E.D. La. Apr. 5, 2013)

12. In this case, President Joseph R. Biden has executed a Presidential Proclamation on "Termination of Emergency With Respect To The Southern Border Of The United States and Redirection Of Funds Diverted To Border Wall Construction." Proclamation No. 10141, 86 Fed. Reg. 7225 (Jan. 27, 2021).

13. The Proclamation justifies a stay of these proceedings as it calls for the United States Department of Homeland Security and the United States Custom and Border Protection are

required to develop a "plan within 60 days" for the redirection of funds concerning the southern border wall. The prosecution of this case prior to the expiration of those 60 days to determine its effect on the Plaintiff's ability to continue with its intended purpose is unjust given the time and expense that would be expended by all the Parties. The Defendant therefore asks that the Court stay this proceeding pending the development of a plan by DHS and USCBP to see how it affects the relief requested by Plaintiff before the Defendant is forced to expend more time and resources on the defense of this claim which may prove moot in its entirety.

### III. DEFENDANT'S ANSWERS TO PLAINTIFF'S STATEMENT IN COMPLAINT, SUBJECT TO MOTION TO DISMISS AND MOTION TO STAY

14. The Defendant does not have the sufficient knowledge to admit or deny the veracity of the representations made in Paragraph 1 and does not need to respond to any legal arguments made therein.

15. Defendant admits that this Court has subject matter jurisdiction over this controversy as stated in Plaintiff's Paragraph 2 subject to any claims or defenses it raises above.

16. Paragraph 3 to the Complaint contains legal argument that Defendant does not need to either admit or deny. To the extent Defendant must either admit or deny, the Defendant denies that any interest in the Property is being taken by way of the filing of the Plaintiff's Complaint, and further denies that the Plaintiff seeks to acquire said interest in accordance with the authority set forth in Schedule A as represented in Paragraph 3.

17. Paragraph 4 contains legal arguments to which the Defendant does not need to reply. To the extent Defendant has to admit or deny, the Defendant denies that the public purpose as stated is moot and propre as set out in the Motion to Dismiss and objections herein.

18. As to the representations made in Paragraph 5, the Defendant admits that Schedules "C" and "D" appear to accurately identify the Property owned by Emerald Riverview

Development, Ltd., but denies that the Plaintiff has accurately described the 49.71-acre tract in which Plaintiff seeks to acquire an interest. Defendant further denies that those interests have been acquired by the filing of Plaintiff's Complaint or the Declaration of Taking, both of which also contain legal arguments to which Defendant does not need to respond.

19. As to the representations made in Paragraph 6, the Defendant denies that the Plaintiff is acquiring an interest in the Property described in Schedules "C" and "D" as set forth in Schedule "E". Defendant admits that the Plaintiff seeks to acquire an interest in same but denies that the description is sufficient to put Defendant on reasonable notice of the location of the acreage in which it seeks to take an interest. Defendant further denies that rights have been acquired or that an estate has been taken by virtue of the filing of Complaint in Condemnation as represented in Schedule E. Schedule E further asserts legal representations and arguments to which Defendant does not need to respond.

20. As to Plaintiff's Paragraph 6, the Defendant denies that the compensation estimated for the property interest Plaintiff seeks to acquire, as set forth in Schedule "F", is "just". The Plaintiff has failed to take into account the extent to which the taking, including the removal of vegetation and structures, affects the marketable value of the Property, any liability that may arise for the Defendant, or the value of the one-year easement of same. Defendant asserts that the just compensation required under law is greater than Plaintiff alleges, and therefore requests, pursuant to Federal Rule of Civil Procedure 71.1(h)(1)(B), a trial by jury to determine just compensation for the taking and a bench trial to determine any damages that may result from the taking.

21. The Defendant admits that the names and addresses of known parties having or claiming an interest in the property are accurately listed in Paragraph 8.

22. Paragraph 9 to the Complaint contains legal representations that Defendant does not need to either admit or deny.

7

### IV.     DEFENDANT'S OBJECTIONS AND DEFENSES

23. Pursuant to Rule 71.1(e)(2) of the Federal Rules of Civil Procedure, Defendant sets out the following objections and defenses to the Complaint in Condemnation and Declaration of Taking of a temporary assignable easement on the approximately 49.71 acres of land Plaintiff seeks. Defendants would show the following:

24. Defendant asserts that the Plaintiff has failed to show that it began the condemnation proceedings within 30 days from receipt of the application from the Department of Justice as required by 40 U.S.C. §3113.

25. The Plaintiff has furthermore failed to offer just compensation for the interest in the Property.

26. The Plaintiff has failed to affix a value to any vegetation or structures that may be removed.

27. The Plaintiff has furthermore failed to state a claim upon which relief can be granted.

28. The Defendant further objects to the Plaintiff's complaint in condemnation because it is unconstitutional as it violates Defendant's due process clause pursuant to the Fifth Amendment, which prohibits private property from being taken for public use without just compensation.  U.S. CONST. AMEND. V.

29. The Plaintiff objects to the Declaration of Taking for containing falsehoods and because it fails to meet the requirements for a proper Declaration.  The authority for the acquisition referenced in Paragraph 1 is improper as set out above.  The public purpose referred to in Paragraph 2 of the Declaration of Taking is improper and moot as set out above.  The legal description and map or plat referred to in Paragraphs 3 and 4 of the Declaration fail to describe with sufficient

particularity the property over which the Plaintiff seeks an easement. The description of estate taken in Paragraph 5, which refers to Schedule E, further fails as argued in the Motion to Dismiss. Paragraph 6, The Declaration further represents that "just" monies have been deposited, which is false as shown herein as the $100 tendered do not represent just funds for the taking as described herein. Lastly, the Defendant objects to the claim that the United States of America did not make best efforts to negotiate acquisition of the property interest sought prior to filing this condemnation action, as represented in paragraph 8 of the Declaration, which was a requirement, and the Defendant demands evidence and proof of same.

30. The Plaintiff has furthermore failed to meet all requirements for a proper Declaration of Taking and has made false claims that best efforts were made to negotiate acquisition of the property prior to the filing of the condemnation suit in paragraph 8 of the Declaration.

31. Defendant objects to the claim by Plaintiff that its temporary easement interest will or should allow for the trimming or removal of any vegetation or structures from the Property, especially if a value is not affixed to the vegetation or structures. Such would constitute a taking without just compensation in violation of the due process clause of the fifth amendment.

32. Defendant asserts that the Plaintiff has failed to take into consideration in its calculation of just compensation how the "easement" to "survey, make borings, and conduct other investigatory work" and to potentially trim or remove any vegetation or structures will affect the fair market value of the Property and what the value of those removals will be. The $100.00 does not qualify as just compensation for same and would certainly not be sufficient to cover the value of vegetative or structural obstacles that may be removed.

33. Defendant objects to the Plaintiff's reliance on 8 U.S.C. §1103(b), while failing to show that the Property has been designated, identified, or classified as "essential to control and guard the boundaries and borders of the United States against any violation of this chapter." First, the Plaintiff failed to identify how this Property is "essential" to control and guard against violations of the chapter. The Plaintiff has further failed to make a case for the Property being essential to guard the boundaries of the United States as required, or to identify the specific violations against which it guards. The Plaintiff further admits that its purpose is not to utilize the property for such control or guarding, but to investigate its ability to do so. This in itself negates any possibility that the land is "essential", and therefore the Plaintiff has failed to identify a proper authority for the taking. Moreover, the Office of the President has ordered by Proclamation a pause on work on each construction project on the southern border and to pause immediately the obligation of funds related to construction of the southern border wall. Proclamation No. 10141, 86 Fed. Reg. 7225 (Jan. 27, 2021).

34. Defendant further objects to the diminution of value that has not been taken into account by the Plaintiff in stating its proposed just compensation.

35. Defendant further objects asserting that the Plaintiffs have failed to state a claim upon which relief can be granted pursuant to FRCP 12(b)(6) as stated in more detail in the Motion to Dismiss above in paragraphs 1 through 10.

36. The Plaintiff further had a duty to engage in bona fide good faith negotiations with Emerald Riverview Development, Ltd. yet failed to do so. Despite its claim that "best efforts to negotiate acquisition of the property interest", the Plaintiff did not properly represent to the Defendant the interest that it sought to acquire during negotiation and failed to engage in negotiations over good faith monetary offers for the interest.

37.     The Defendant further objects asserting that the $100.00 compensation proposed by the Plaintiff is insufficient to protect the Defendant from the liability associated with the activities in which the Plaintiff intends to engage on the Property.

38.     The Defendant further objects asserting that the Plaintiff has violated Chapter 61 of the Uniform Relocation Assistance and Real Property Acquisitions Policies for Federal and Federally Assisted Programs, Section 4651, the Uniform Policy on Real Property Acquisitions Practice, which prohibits any federal agency from any "advance the time of condemnation, or defer negotiations or condemnation and the deposit of funds in court for the use of the owner, or take any other action coercive in nature, in order to compel an agreement on the price to be paid for the property." 42 U.S.C.A. § 4651.

39.     The Defendant further objects based on the fact that the Proclamation the Office of the President ordering a pause on work on each construction project on the southern border and to pause immediately the obligation of funds related to construction of the southern border wall making the easement at issue unnecessary and the Plaintiff's Complaint moot.

40.     The Defendant further objects that the Plaintiff has not properly relied on any authority for the Taking under Schedule A.  The funds allegedly being used for the taking pursuant to the Act of Congress approved March 23, 2018, as Public Law 115-141, div. F, tit. II, 132 Stat. 348 were only to be available for procurement, construction and improvements until September 30, 2020.  Furthermore, as stated above, the Plaintiff has failed to show the acquisition of the interest in the Property to be "essential" as required by 8 U.S.C. §1103(b)(2) for the control and guard of the boundaries and borders of the United States against any violation of Title 8 U.S.C.A. § 1103.

41.     The Defendant further objects because the Plaintiff has exceeded its condemnation powers by seeking to conduct surveying and testing needed to plan the proposed "related structures"

on the condemned property. The stated intent to construct "related structures" exceeds the grant of authority contained in 8 U.S.C. § 1103(b) and note, which provides for "reinforced fencing," "physical barriers, roads, lighting, cameras, and sensors," but not "related structures." Further the Plaintiff's stated public purpose fails to define "related structures,". *See* Schedule B, Dkt. No. 1-1, 2-1.

42. The Defendant also objects because Plaintiff has exceeded its condemnation powers by seeking to condemn property interests that are not "adjacent to or in the vicinity of an international land border." The stated intent to condemn a temporary easement exceeds the grant of authority contained in 8 U.S.C. § 1103(b)(1), which allows "[t]he Attorney General" to "contract for or buy any interest in land, including temporary use rights, adjacent to or in the vicinity of an international land border." As defined by Article V of the Treaty of Guadalupe Hidalgo, and recognized by this Court in *Amaya v. Stanolind Oil & Gas Co.*, 62 F.Supp.194 (S.D. Tex. 1945), and the Supreme Court in *U.S. v. States of La., Tex., Miss., Ala. and Fla.*, 363 U.S. 1, 36, 48 (1960), in Texas the international border between the United States and Mexico is not a "land border," but instead a water border, comprised of "a line commencing at the mouth of the Rio Grande, thence up the middle of that river to the southern boundary of New Mexico." *Amaya* at 194. *See* Schedule D, Dkt. No. 1-1, 2-1.

43. The Defendant also objects because the Plaintiff has exceeded its condemnation powers by failing to abide by the procedures set forth in 8 U.S.C. § 1103(b) and note. This provision requires Plaintiff to "consult with the Secretary of the Interior, the Secretary of Agriculture, States, local governments, Indian tribes, and *property owners* in the United States to minimize the impact on the environment, culture, commerce, and quality of life for the communities and residents located near the sites at which fencing is to be constructed" (emphasis added). The state purpose of the easement is to conduct the surveying and other investigative work for future fencing.

44. To the extent that Plaintiff may not have complied with all federal statutes before declaring a public purpose, Defendant objects.

45. To the extent that Plaintiff has failed to conform the proposed condemnation to the Uniform Appraisal Standards for Federal Land Acquisitions, Defendant objects.

46. The Defendant objects because the property interests Plaintiff seeks to condemn are subject to an exception set forth in the Secure Fence Act of 2006 because the topography of the relevant land has an elevation grade greater than ten percent.

47. The Defendant objects because the provisions of the Illegal Immigration Reform and Immigration Responsibility Act of 1996 ("IIRIRA") require the Plaintiff to clearly define the property it seeks and then attempt to fix a price for it with the property owners. In its Complaint, the Plaintiff has not provided any adequate description of the real property to be subject to the easement. The description provided is not to scale and not accurate. In addition, in its Complaint, the Plaintiff has not provided an adequate description of the location, size, dimensions, number, and type of tress and structures that it will be taking. Further, the Plaintiff has not provided an adequate description of the impact, if any, of the removal of the trees and structures on the real property subject to the easement. As such, Plaintiff's Complaint is inadequate in that if ails to describe the property it intends to take and is insufficient to allow Defendant to specifically identify what property rights are actually being taken in the condemnation. The failure to provide the adequate description prevents the determination of the impact and diminution of value the taking will have on the real property burdened by the easement. The failure to provide an adequate description also prevents the determination of the impact and diminution of value on the adjoining property.

48. Plaintiff has failed to adequately consult under the consultation clause of the note to Title 8 USCA, section 1103. Said negotiations should be a condition prior to Plaintiff taking possession of the property.

49. Plaintiff has not fully complied with the Uniform Relocation Assistance and Real Property Acquisitions Polices Act of 1970, Title 42 USCA, sections 4601, et seq.

50. Defendant reserves its right to receive all notices that may be required, at present or in the future, before Plaintiff, or its contractors or agents acting on its behalf, enter Defendant's land.

51. Defendant reserves the right to recover attorneys' fees for this action, as provided by the Equal Access to Justice Act, 28 U.S.C. § 2412. *See also U.S. v. 329.73 Acres of Land, et al., 704 F.2d 800 (5th Cir. 1983, en banc).*

52. Defendant reserves the right to receive additional interest on any final award of compensation, as provided by 40 U.S.C. § 3116.

53. Defendant reserves further the right to file additional objections and defenses to Plaintiff's proposed temporary taking if Plaintiff files any additional amendments or if circumstances otherwise change.

54. The Defendant reserves all of its rights to recover costs and fees, including pursuant to 28 U.S.C.A. § 2412.

### V. RELIEF REQUESTED

WHEREFORE, PREMISES CONSIDERED, Defendants request that the Court:

1) Enter an order denying the 12-month, fully assignable temporary easement sought by Plaintiff because there is no legal basis for the easement as plead; because the scope of the easement exceeds Plaintiff's authority as plead; and because the easement is violative of the due process clause of the Constitution as plead.

2) Grant the Defendant's request to Dismiss the Complaint in Condemnation for the reasons described herein;

3) In the alternative, stay the proceedings as requested herein;

4) In the alternative, should the Court be inclined to grant the 12-month, fully assignable temporary easement requested, then the Court should grant Defendant's request for a trial by jury under Rule 71.1(h)(1)(B) of the Federal Rules of Civil Procedure on the issue of just and adequate compensation for:

   i) the easement;
   ii) the vegetation;
   iii) diminution of value to the land burdened by the easement;

        iv)     diminution of value to the adjoining remaining land;

5) In the alternative, should the Court be inclined to grant the 12-month, fully assignable temporary easement requested, then:
   i) Enter an order limiting the duration of the temporary easement to no more than ninety (90) days or other duration the Court deems just and proper;
   ii) Allow Defendant to recover her expenses for attorneys' fees, under either the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970, 42 U.S.C. § 4654(a)(1) or the Equal Access to Justice Act, 28 U.S.C. § 2412 or both, as applicable;
   iii) Order the Plaintiff to require all contractors and non-governmental third parties have general liability insurance in an amount to be determined by the Court;

6) Interest on any final award of compensation, as provided by 40 U.S.C § 3116;

7) Deny the Plaintiff all relief which it seeks; and

8) Grant such other and further relief to which the Defendant may show itself entitled.

        Respectfully submitted,

        VALLS & MARROQUIN LLP
        6557 Metro Court, Suite 2
        Laredo, Texas 78041
        (956) 602-0699 (Tel)
        (956) 602-0715 (Fax)

By:    */s/ Kenneth A. Valls*
       Kenneth A. Valls
       Email: kvalls@vallslaw.com
       State Bar No. 20435615
       Federal ID No. 13056

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the **5th day of March, 2021** a true and correct copy of the foregoing has been served pursuant to the ECMF filing procedures on all parties and counsel identified on the ECMF filing for this case or on the following parties in the manner indicated:

**Via Email: Chanmealea.Thou2@usdoj.gov**
Mr. Ryan K. Patrick
United States Attorney
Southern District of Texas
Ms. Chanmealea Thou
Assistant United States Attorney
Attorney-in-Charge
11204 McPherson Road, Suite 100ª
Laredo, TX 78045

                                             */s/ Kenneth A. Valls*
                                             Kenneth A. Valls