IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | CASE NO. 5:21-CV-007 |
| 49.71 ACRES OF LAND, MORE OR LESS, SITUATE IN WEBB COUNTY, STATE OF TEXAS; AND EMERALD RIVERVIEW DEVELOPMENT, LTD. | § § § § § § | |
| *Defendants.* | § § | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS AND, SUBJECT THERETO, MOTION FOR STAY, ORIGINAL ANSWER, OBJECTIONS AND DEFENSES AND PLAINTIFF'S MOTION TO STRIKE IMPROPER PLEADING**

The United States of America ("Plaintiff"), through the undersigned counsel, opposes Defendant's Motion to Dismiss and, Subject Thereto, Motion for Stay, Original Answer, Objections and Defenses ("Defendant's Motion"). Additionally, pursuant to Rules 12(f) and 71.1(h) of the Federal Rules of Civil Procedures, and Local Rule 7.1, Plaintiff cross-moves the Court to strike all portions of Defendant's Motion that the Court finds legally insufficient.

**I. FACTS AND PROCEDURAL HISTORY**

On January 12, 2021, Plaintiff initiated this condemnation proceeding to acquire a temporary easement on a 49.71-acre land in Webb County, Texas, identified as Tract LRT-LRN-R1024E (hereinafter "Subject Property"), by filing the Declaration of Taking.[1] On February 9,

---
[1] Dkt. Nos. 1 & 2.

2021, Plaintiff filed the Waiver of Service of Judicial Process executed by Defendant's counsel.[2] On February 22, 2021, the Court issued an order scheduling the Initial Pre-trial and Scheduling Conference for April 27, 2021.[3] On March 5, 2021, Defendant filed Defendant's Motion arguing that (1) Plaintiff's Declaration of Taking fails to include a proper description of the property to be condemned; (2) any claim for a taking for the purpose of building "fencing" or "vehicle barriers" is now moot; (3) Plaintiff has failed to rely on valid authority for the taking; (4) Plaintiff has failed to identify proper funds to be utilized for the taking; and (5) Plaintiff failed to follow requisite statutory procedure by negotiating in good faith, and therefore, lacks the authority to begin condemnation proceedings.[4]

## II.    ARGUMENT AND AUTHORITY

Plaintiff opposes Defendant's Motion and moves to strike Defendant's pleading based on the following:

### A.    Response to Motion to Dismiss

1. Federal eminent domain proceedings are governed by Rule 71.1 of the Federal Rules of Civil Procedure. Under this Rule, "[a] defendant that has an objection or defense to the taking must serve an answer." Fed. R. Civ. P. 71.1(e). Any "objections and defenses not stated in its answer" are considered as waived and "[n]o other pleading or motion asserting an additional objection or defense is allowed." *Id.*

2. Here, Defendant raised its objections, defenses, or arguments against the taking in the form of a motion to dismiss, which is legally impermissible. *See* Fed. R. Civ. P. 71.1(e); *see also United States v. 0.996 Acres of Land,* No. CV B-09-077, 2009 WL 10691340, at *2 (S.D. Tex.

---

[2] Dkt. No. 5.
[3] Dkt. No. 6.

2

Aug. 4, 2009) ("Federal Rule of Civil Procedure 71.1(e) does not permit the filing of a motion to dismiss in a condemnation action and [defendant]'s motion to dismiss is dismissed as improperly filed."). As such, the Court should dismiss Defendant's Motion.

3. In addition to filing an improper motion to dismiss, Defendant's objections, defenses, or arguments are legally impermissible and meritless due to the following reasons:

    a. <u>The Declaration of Taking Provides a Sufficient Description to Identify the Property</u>

4. Defendant claims Plaintiff has failed to include a sufficient land description pursuant to 40 U.S.C. § 3114.[5]

5. Contrary to Defendant's claim, Plaintiff has included sufficient description of the Subject Property in the Declaration of Taking by providing the abstract and Porcion numbers, the name of the survey, the tax parcel ID, and a map of the Subject Property.[6] The tax parcel ID identifies a distinct 49.71-acre tract in Webb County, Texas that is owned by Defendant.[7] It is also associated with a unique Geographic ID that further assists with the identification of the Subject Property and its parent tract.[8]

6. While arguing that the description is insufficient to identify the Subject Property, Defendant identified and claimed ownership of a "residual tract created by natural river flow forces and presently existing between said Share 1 and the Rio Grande Riverbank water edge, recorded in Volume 492, Page 745, Deed Records of Webb County Texas."[9] To be noted, this residual tract is one and the same as the Subject Property, which is a distinct 49.71-acre tract

---

[4] Dkt. No. 8.
[5] Dkt. No. 8 at 2.
[6] Dkt. No. 2, Schedules C& D.
[7] Ex. 1. Tax Records for tax parcel ID 395120.
[8] *Id.*

3

located within in the 1319.40-acre parent tract owned by Defendant.[10] Clearly, Defendant was able to identify the Subject Property, which undermines Defendant's claim that Plaintiff's description is *insufficient to identity* the Subject Property.

7.      Moreover, Defendant admits that Schedules "C" and "D" of the Declaration of Taking, which contain the description of the Subject Property, "appear to accurately identify the Property owned by [Defendant]."[11]

8.      Based on the foregoing reasons, the Court should deny Defendant's Motion. If the Court finds the description in Schedules "C" and "D" insufficient, Plaintiff respectfully seeks the Court's leave to amend its pleading pursuant to Rule 15(a)(3) of the Federal Rules of Civil Procedure.

> b. <u>Defendant's Argument That "Any Claim for a Taking for the Purpose of Building 'Fencing' or 'Vehicle Barriers' is Now Moot" is Meritless</u>

9.      Defendant has failed to show how the right of entry sought by the United States is moot under the Proclamation on the Termination of Emergency With Respect to the Southern Border of the United States and Redirection of Funds Diverted to Border Wall Construction (hereinafter "Proclamation").[12]

10.     Through the Proclamation, President Joseph R. Biden has directed, *inter alia*, a pause on "each construction project on the southern border wall," a pause on the obligation of funds relating to the project, and assessments of various aspects of the border wall project.[13]

---

[9] Dkt. No. 8 at 1.
[10] Ex. 2. Special Warranty Deed, Document # 999440, Volume 2557, Page 823 of the real property records of Webb County, recorded on April 3, 2008.
[11] Dkt. No. 8 at 6–7.
[12] *See* Proclamation No. 10142, 86 Fed. Reg. 7225 (Jan. 27, 2021) (hereinafter "Proclamation").
[13] *Id.*

Nonetheless, the Proclamation left open the possibility that some aspects of the project may resume.[14]

11. At this time, the Secretary of Homeland Security has not shed light on the future of the border wall or the road project. To categorize the Declaration of Taking filed by the United States as moot is premature at this time.

*12.* Accordingly, the Court should find that Plaintiff has stated a viable claim of relief. *See* FED. R. CIV. P. 12(b)(6). Further, the Court should dismiss Defendant's Motion as Defendant has prematurely sought to dismiss this condemnation action.

    c. Plaintiff Relies on Valid Authority for the Taking

13. Defendant argues that the Court should dismiss this action because Plaintiff has not established that the Subject Property is "essential" under section 8 U.S.C. § 1103(b).

14. However, the issue of whether the Subject Property is essential involves a nonjusticeable issue. *See United States v. 162.20 Acres of Land, More or Less, Situated in Clay Cty., State of Miss.*, 639 F.2d 299, 303 (5th Cir. 1981) ("A perusal of cases involving assertions of the defense of lack of authority reveals that federal courts do not second-guess governmental agencies on issues of necessity and expediency when condemnation is sought; such matters are within the discretion of the legislature or of administrative bodies by delegation, and the concept of justiciability limits judicial review . . . ."). Accordingly, the Court should deny Defendant's Motion.

    d. The Complaint and Declaration of Taking Properly Identified the Source of Funding for the Taking

15. Defendant's argument that Plaintiff has not properly identified the source of funding for

---

[14] *See* Proclamation ("After the plan is developed, the Secretary of Defense and the Secretary of Homeland Security

the taking is meritless.[15]

16.     Plaintiff has properly identified the source of funding for the taking in the Declaration of Taking by citing, *inter alia*, the Act of Congress approved March 23, 2018, as Public Law 115-141, div. F, tit. II, 132 Stat. 348, which provides:

> For necessary expenses of U.S. Customs and Border Protection for procurement, construction, and improvements, including procurements to buy marine vessels, aircraft, and unmanned aerial systems, $2,281,357,000, of which $846,343,000 shall remain available until September 30, 2020, and of which $1,435,014,000 shall remain available until September 30, 2022.

17.     While making the argument that Plaintiff's source of funding expires on September 30, 2020, Defendant failed to inform the Court that there is over 1.4 billion dollars available to the U.S. Custom and Border Protection for procurement, construction, and improvements until September 30, 2022, with 38 million dollars designated specifically for "border barrier planning and design." *Id.*; Public Law 115-141, div. F, tit. II, 132 Stat. 616, Sec. 230 (a).  Accordingly, the Court should deny Defendant's Motion on this ground.

   e.  <u>Negotiation is Not a Prerequisite for the Filing of a Land Condemnation Proceeding and Even if it is, Plaintiff has Made Many Attempts to Negotiate but Defendant was not Cooperative</u>

18.     Defendant's argument that Plaintiff has violated 8 U.S.C. § 1103 and 42 U.S.C. § 4651 by failing to negotiate in good faith is both legally impermissible and meritless.

    i.   *8 U.S.C. § 1103 Does Not Require Negotiation Prior to the Filing of a Land Condemnation Proceeding*

19.     On its face, section 1103 of Title 8 does not require Plaintiff to engage in any negotiations prior to the exercise of its eminent domain power. Rather, the section only provides that when Plaintiff "and the lawful owner of an interest . . . are unable to agree upon a reasonable

---

shall take all appropriate steps to resume, modify, or terminate projects and to otherwise implement the plan.").

price," Plaintiff "may commence condemnation proceedings pursuant to section 3113 of Title 40." 8 U.S.C. § 1108(b)(3).

20. As such, the issue as to whether Plaintiff has engaged in prior negotiations is not a legally permissible defense or ground for dismissal in land condemnation proceedings. *See* 8 U.S.C. § 1103(b); *United States v. 1.04 Acres of Land, More or Less, Situate in Cameron Cty., Tex.*, 538 F. Supp. 2d 995, 1010 (S.D. Tex. 2008) ("The issue of whether the Government has satisfied the requirement of negotiating with a property owner does not go to the jurisdiction of the court."); *see also 162.20 Acres of Land*, 639 F.2d at 303 ("The sole defense which may be raised against the condemnation itself is that of lack of authority to take in the petitioner."); *Tamez v. Chertoff*, No. B-08-055, 2009 WL 10693618, at *5 (S.D. Tex. Jan. 27, 2009) ("[T]he Government may properly file a condemnation action before compliance with the negotiation provisions of 8 U.S.C. § 1103(b), but may not receive possession prior to compliance.").

21. Nonetheless, should the Court interpret this section to require pre-condemnation negotiations, Plaintiff notes that several courts have applied the bona fide effort standard. *See, e.g.*, *1.04 Acres*, 538 F. Supp. 2d at 1011, n. 9 ("This Court foresees no difficulty in applying the bona fide effort standard to whatever method the Government and a landowner use to meet the negotiation requirement of 8 U.S.C. § 1103(b)."). Under this standard, "[i]t is sufficient that negotiations proceed far enough to indicate that an agreement is impossible, and, where it is apparent that the parties cannot agree on the amount to be paid, a formal effort to agree is not necessary." *Id.* (citations omitted); *see also United States v. 23.311 Acres of Land*, No. 7:19-CV-00407, 2020 WL 4724332, at *3 (S.D. Tex. Mar. 4, 2020).

---

[15] Dkt. No. 8 at 4.

22. Here, even if failure to comply with 8 U.S.C. § 1103 is a cognizable defense or ground of dismissal in land condemnation proceedings, the Court should still dismiss Defendant's Motion because Plaintiff has fully complied with the requirements. As demonstrated below, the undersigned attorney has made many bona fide attempts to negotiate with Defendant's counsel prior to filing the Declaration of Taking:

    a.    On December 21, 2020, the undersigned counsel called the office of Defendant's counsel and left a message with his paralegal, asking that Defendant's counsel call the undersigned attorney regarding the right of entry to the Subject Property.

    b.    On the same day, the undersigned counsel called Joe Medina, Defendant's general manager, who confirmed Defendant is represented by Defendant's attorney of record and agreed to inform him to contact the undersigned attorney.

    c.    On December 29, 2020, the undersigned counsel emailed Defendant's counsel on the right-of-entry to the Subject Property, but never received any response.

    d.    On January 7, 2021, the undersigned counsel again called the office of Defendant's counsel and left a message regarding the Subject Property. She also emailed him regarding the right-of-entry, but again, received no response.

    e.    On the same day, the undersigned attorney also called Mr. Joe Medina, who again agreed to inform Defendant's counsel to contact the undersigned attorney.

    f.    On January 11, 2021, even after receiving no response to her calls, emails, and messages, the undersigned attorney made yet another attempt to contact Defendant's counsel before filing the Declaration of Taking and was finally able to reach him. The undersigned attorney asked whether Defendant would consider granting Plaintiff the right

of entry or negotiate and was informed by Defendant's counsel that Defendant had "no interest" in granting a right of entry and encouraged her to file this lawsuit.

23. Considering repeated failure by Defendant's counsel to respond to the undersigned attorney and his express refusal to negotiate, Plaintiff believed attempts to negotiate in good faith for a reasonable price had arrived at an impasse, which caused Plaintiff to exercise its right of eminent domain. *See 1.04 Acres*, 538 F. Supp. 2d at 1011 ("A landowner . . . cannot prevent the United States from condemning his or her property simply by refusing to sell or by being unwilling to set a price on an interest in his or her property."); *see also Constitution Pipeline Co., LLC v. A Permanent Easement for 0.25 Acres*, 2015 WL 12564217, *2 (NDNY Feb. 24, 2015) (stating, in a discussion of good faith negotiations pursuant to the Natural Gas Act, 15 U.S.C. § 717f, that "[d]efendant's disagreement with plaintiff's valuation and his reservations about the pipeline itself do not militate against a finding of good faith, nor does plaintiff's alleged statement that if defendant did not accept plaintiff's offer, plaintiff would exercise its right of eminent domain.").

24. Plaintiff further notes that its attempt to negotiate in good faith has begun prior to its filing of the Declaration of Taking and has since continued. In fact, the undersigned attorney inquired about Defendant's counteroffer or proposed right-of-entry agreement on three separate occasions after this lawsuit was filed and expressed, in no uncertain terms, that she welcomes negotiation in order to avoid expending further judicial and party resources. To date, Defendant has not provided any counteroffer.

25. Based on the reasons above, the Court should deny Defendant's Motion.

      ii.      *Compliance of 42 U.S.C. § 4651 is Nonjusticeable in Land Condemnation Proceedings*

26.    Defendant's argument that Plaintiff failed to comply with 42 U.S.C. § 4651 also lacks merits because failure to comply with 42 U.S.C. § 4651 is not a legally valid ground of dismissal or defense in a land condemnation action. *See* 42 U.S.C. § 4602(a) ("The provisions of section 4651 of this title creates no rights or liabilities and shall not affect the validity of any property acquisitions by purchase or condemnation."); *see also United States v. 23.311 Acres of Land*, No. 7:19-CV-00407, 2020 WL 4724332, at *6 (S.D. Tex. Mar. 4, 2020). Therefore, the court should deny Defendant's Motion on this ground.

      iii.      *The Amount of Estimated Just Compensation is also Nonjusticeable*

27.    As for Defendant's argument that "Plaintiff has . . . failed to consider in the $100.00 it estimates as just compensation the practical and monetary impacts that the easement would have on the Property," Plaintiff points out that the $100.00 is an estimated just compensation, which is another nonjusticeable issue. *See* 40 U.S.C. § 3114(a)(5) (requiring "a statement of the amount of money estimated *by the acquiring authority* to be just compensation for the land taken") (emphasis added); *In re U.S.*, 257 F.2d 844, 858 (5th Cir. 1958) ("Congress plainly gave the acquiring authority, not the courts, the function of estimating just compensation . . . ."). Further, one of the main purposes of this condemnation lawsuit is to establish just compensation during its proceedings. Therefore, a motion to dismiss on this ground is inappropriate and premature and should be denied.

28.    Based on the foregoing reasons, Plaintiff prays that the Court deny Defendant's Motion.

    **B.**    **Response to Motion for Stay**

29.    Citing the Proclamation, Defendant moved to stay the instant proceeding "pending the

development of a plan by DHS and USCBP to see how it affects the relief requested by Plaintiff." [16]

30. According to the Proclamation, such plan is to be established within sixty days of the Proclamation, which was on March 21, 2021. [17]

31. As of the filing of this response, the undersigned counsel has not received guidance on how to proceed in light of the Proclamation. As such, the United States is not opposed to Defendant's request to stay this matter and requests that the Court set a status conference for an update on whether the United States intends to pursue this lawsuit.

### C.  Cross-Motion to Strike Pleading

32. In addition to opposing the Defendant's Motion, Plaintiff respectfully cross moves to strike Defendant's pleading insofar as it is insufficient, redundant, and immaterial and it does not comply with Rule 8(c) of the Federal Rule of Civil Procedure.

33. Under Rule 12 (f) of the Federal Rule of Civil Procedure, "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Although motions to strike a defense are generally disfavored, a Rule 12(f) motion to dismiss is proper when the defense is insufficient as a matter of law." *Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982).

34. Additionally, in order to comply with Federal Rule of Civil Procedure Rule 8(c), a party "must plead an affirmative defense with enough specificity or factual particularity to give the plaintiff 'fair notice' of the defense that is being advanced." *Woodfield v. Bowman*, 193 F.3d

---

[16] Dkt. No. 8 at 5.
[17] Proclamation.

354, 362 (5th Cir. 1999). When ruling upon a motion to strike, the trial court has "'ample' discretion." *See In re Beef Indus. Antitrust Litig.*, 600 F.2d 1148, 1168 (5th Cir. 1979).

35.  In the present matter, Plaintiff moves to strike Defendant's pleading as follows:

   a.  Part IV, ¶ 24 of Defendant's Motion as Plaintiff began its condemnation proceedings within 30 days from receipt of application at the Department of Justice pursuant to 40 U.S.C. § 3113.[18]

   b.  Part IV, ¶ 27, 44, 45, and 46 of Defendant's Motion on the ground that it lacks "enough specificity or factual particularity to give the plaintiff 'fair notice' of the defense that is being advanced," which is a violation of Federal Rule of Civil Procedure Rule 8(c).

   c.  Part IV, ¶ 29 of Defendant's Motion based on the reasons set forth in Parts I & II of this instant response.

   d.  Part IV, ¶ 30, 31, 36, 44, 48 and 49 of Defendant's Motion based on the ground that they are redundant. The Court should also strike Part IV, ¶ 31 & 33 where it is legally insufficient or involves a nonjusticeable issue. *See 162.20 Acres*, 639 F.2d at 303; *supra* Part II.

   e.  Part IV ¶ 34 and 37 of Defendant's Motion based on the reasons set forth in Part II. ¶ 28–29 of this response.

   f.  Part IV, ¶ 35 of Defendant's Motion based on the reasons set forth in Part II of this response.

   g.  Part IV, ¶ 38 of Defendant's Motion based on the reasons set forth in Part II ¶ 27

---

[18] *See* Dkt. No. 2 at 2.

      of this response.

h.    Part IV, ¶ 39 of Defendant's Motion based on the reasons set forth in Part II ¶¶9–13 of this response.

i.    Part IV, ¶ 40 of Defendant's Motion based on the reason that it is redundant, and the reasons set forth in Part II ¶¶16–18 of this response.

j.    Part IV, ¶ 41 & 42 of Defendant's Motion on the grounds that Plaintiff has not exceeded its condemnation power. *See Berman v. Parker*, 348 U.S. 26, 35–36, 75 S. Ct. 98, 104, 99 L. Ed. 27 (1954) ("It is not for the courts to oversee the choice of the boundary line nor to sit in review on the size of a particular project area. Once the question of the public purpose has been decided, the amount and character of land to be taken for the project and the need for a particular tract to complete the integrated plan rests in the discretion of the legislative branch."); *United States v. 2,606.84 Acres of Land in Tarrant Cty., Tex.*, 432 F.2d 1286, 1290 (5th Cir. 1970) ("The only exception [to the review of the essential nature of the taking] would occur if the delegated official so overstepped his authority that no reasonable man could conclude that the land sought to be condemned had some association with the authorized project."); *see also 1.04 Acres,* 538 F. Supp. 2d at 999–1000; *supra* Part II.

k.    Part IV, ¶ 43 of Defendant's Motion based on the reason that it is redundant, and the reasons set forth in Part II.

l.    Part IV, ¶ 46 of Defendant's Motion on the ground that the Secure Fence Act of 2006 is immaterial or impertinent to the current proceedings and the Subject

>   Property has been designated for a road, and not a fence. *See Augustus v. Bd. of Pub. Instruction of Escambia Cty., Fla.*, 306 F.2d 862, 868 (5th Cir. 1962) ("The motion to strike should be granted only when the pleading to be stricken has no possible relation to the controversy.").
>
> m.  Part IV, ¶ 47 of Defendant's Motion on the ground that it is redundant and legally insufficient.

**III.   Conclusion**

Based on the foregoing, Plaintiff requests that this Court deny Defendant's Motion and strike Defendant's pleading insofar as it is redundant, immaterial, and legally insufficient.

                                                                       Respectfully submitted,

                                                                       **JENNIFER B. LOWERY**
                                                                       Acting United States Attorney
                                                                       Southern District of Texas

By:    *s/ Chanmealea Thou*
          **CHANMEALEA THOU**
          Assistant United States Attorney
          Southern District of Texas No. 3596627
          California Bar No. 326469
          11204 McPherson Road, Suite 100A
          Laredo, Texas 78045
          Telephone: (956) 721-4977
          Facsimile: (956) 992-9425
          E-mail: Chanmealea.Thou2@usdoj.gov
          Attorney in Charge

## CERTIFICATE OF SERVICE

I, Chanmealea Thou, Assistant United States Attorney for the Southern District of Texas, hereby certify that on March 26, 2021, I served the foregoing using the Court's ECF notification system on all parties receiving ECF notice in this case.

                                                                 **s/ Chanmealea Thou**
                                                                  Chanmealea Thou
                                                                  Assistant United States Attorney